

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SONDA R. GLAZE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| WALMART | : | NO. 15-177 |
| CHANNEL 6 ACTION NEWS | : | |

**MEMORANDUM**

JONES, J.                                                                  FEBRUARY 26, 2015

       Plaintiff Sonda R. Glaze brings this civil action against Walmart and Channel 6 Action News. She also filed a motion to proceed *in forma pauperis*, which the Court will grant. For the following reasons, the Court will dismiss the complaint.

       Federal Rule of Civil Procedure 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). Furthermore, as plaintiff is proceeding *in forma pauperis*, the Court must dismiss her complaint if it fails to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). To survive dismissal for failure to state a claim, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* As plaintiff is proceeding *pro se*, the Court must construe her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

1

The allegations of the complaint are rambling, difficult to understand, and conclusory at times. To the extent the Court can understand plaintiff's allegations, it appears that her complaint is primarily based on allegations that she was terminated from her job at Walmart, that her "paycheck became fraud," and that she was "threatened by bosses and employees." Having carefully reviewed the complaint, the Court cannot discern a plausible basis for a claim against Walmart or Channel 6 Action News. To the extent plaintiff listed other entities as defendants on the second page of the complaint, she has not articulated any allegations against those defendants that would give rise to a cause of action.

In any event, plaintiff's claims against Walmart and Channel 6 Action News are barred by *res judicata*. Three elements are required for *res judicata* to apply: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Marmon Coal Co. v. Dir., Office Workers' Compensation Programs*, 726 F.3d 387, 394 (3d Cir. 2013) (internal quotation marks omitted). Plaintiff previously filed a lawsuit against Walmart and Channel 6 Action News, which appears to have been based on the same series of events as the instant lawsuit. *See Glaze v. Channel 6 News*, Civ. A. No. 14-2316 (E.D. Pa.). Plaintiff was given two opportunities to amend her complaint in her previously-filed action. As her amended pleading failed to satisfy Rule 8, the Court dismissed the case with prejudice. *Id.* (Document 20). To the extent plaintiff is attempting to reassert her previously dismissed claims in this action, her case is barred by *res judicata*. *See Kreidie v. Sec'y, Pa. Dep't of Revenue*, 574 F. App'x 114, 116-17 (3d Cir. 2014) ("As explained in the Second Restatement of Judgments, the term 'on the merits' has 'misleading connotations' as 'judgments not passing directly on the substance of the claim have come to operate as a bar.'").

For the foregoing reasons, the Court will dismiss plaintiff's complaint. As plaintiff cannot overcome the *res judicata* bar, and as her conduct in the previously-filed case suggests an inability to amend, the Court concludes that amendment would be futile. An appropriate order follows, which shall be docketed separately.

BY THE COURT:

C. DARNELL JONES, II          J.

ENTERED

FEB 26 2015

CLERK OF COURT